**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CAPITOL SPECIALTY INSURANCE COMPANY**<br><br>*Plaintiff*<br><br>**VERSUS**<br><br>**TGG MANAGEMENT COMPANY, INC. D/B/A TGG ACCOUNTING AND MATTHEW GARRETT**<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 5:24-CV-492** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Capitol Specialty Insurance Company ("CSIC"), pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, files this Complaint for Declaratory Judgment against Defendant TGG Management Company, Inc. d/b/a TGG Accounting ("TGG") and Matthew Garrett ("Garrett") (collectively, the "Defendants") and would show as follows:

**INTRODUCTION**

1. CSIC seeks a judicial determination that it owes no duty to defend or indemnify the Defendants against claims raised against them in the lawsuit styled *Ikigai Marketing Works, LLC v. TGG Management Company, Inc.*, Case Number 37-2023-00038170-CU-BC-NC, pending in the Superior Court of the State of California for the County of San Diego ("Underlying Lawsuit").

**PARTIES**

2. At all pertinent times, CSIC was, and still is, a corporation organized under the laws of Wisconsin with its principal place of business in Connecticut. CSIC is an authorized surplus lines insurer in the state of Texas.

3. At all pertinent times, TGG was and is a Delaware corporation with its principal

place of business in Texas. TGG may be served with process by serving its registered agent Cubeta Law Group, PLLC, 322 Martinez St., San Antonio, Texas 78205.

4. At all pertinent times, Matthew Garrett was and is an individual citizen and resident of California. Mr. Garrett may be served at 1496 Neptune Ave., Encinitas, California 92024 or wherever he may be found.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs because the plaintiffs in the Underlying Lawsuit seek over $250,000 in damages against TGG.

6. Venue is proper in the United States District Court, Western District of Texas, San Antonio Division pursuant to 28 U.S.C. §1391 because the insurance policy in dispute was issued in this district and because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district. All parties are also subject to the jurisdiction of this Court. This Court has personal jurisdiction over TGG because TGG's principal place of business is in San Antonio, Texas, and, as noted above, the insurance policy in dispute was issued to TGG in Texas. The Court has personal jurisdiction over Garrett, TGG's Chief Executive Officer, because: (1) he personally availed himself of the privilege of conducting business in Texas via his employment with TGG, a Texas-based company; (2) he was personally involved in the negotiation and procurement of the insurance policy in dispute in Texas (Garrett was the signatory to the application for the policy). *See Eastern Concrete Materials, Inc. v. Ace American Insurance Co.*, 948 F.3d 289 (5th Cir. 2020) (holding that contacts with the forum state related to procurement, negotiation, and enforcement of a policy are relevant to personal jurisdiction in an insurance

coverage dispute).

## FACTUAL BACKGROUND

***Agreement***

7. On June 14, 2022, Pooph, Inc. ("Pooph") entered into a professional services agreement in which TGG agreed to provide accounting services to Pooph. On the same day, June 14, 2022, Ikigai Marketing Works, LLC ("Ikigai") (collectively, Ikigai and Pooph are referred to as the "Underlying Plaintiffs") and TGG entered into a professional services agreement in which TGG also agreed to provide accounting services.

***Underlying Lawsuit***

8. On September 1, 2023, Underlying Plaintiffs filed suit against TGG in the Superior Court of the State of California, County of San Diego, Case Number 37-2023-00038170-CU-BC-NIC, entitled *Ikigai Marketings Works, LLC v. TGG Management Company, Inc.* (the "Underlying Lawsuit"). In the Original Complaint (a true and correct copy of which is attached as **Exhibit A**) Underlying Plaintiffs allege that on or about January 18, 2023, TGG received a request to send money to a phisher, who had "spoofed" one of the Underlying Plaintiffs' vendor's email addresses and was holding themselves out as the vendor. Exhibit A at p. 10. TGG allegedly transmitted payments to the phisher totaling $843,704.90 on February 2, 9, 15, and 23, 2023. *Id.* at p. 12.

9. The Underlying Plaintiffs allege that each time TGG succumbed to the phisher's scheme, TGG failed to implement proper screening and failed to verify changes to the vendor's banking information to filter out the phisher's emails. *Id.* at p. 11-13. Further, despite multiple red flags contained within the phisher's emails, TGG allegedly continued to process payments to the phisher without any verification from the Underlying Plaintiffs. *Id.*

10. The Underlying Plaintiffs bring causes of action against TGG for (1) alter ego of

TGG's CEO, Matthew Garrett, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) unjust enrichment, (5) promissory estoppel, (6) professional negligence, (7) gross negligence, (8) negligent hiring, training and supervision, (9) breach of fiduciary duty, (10) constructive fraud, and (11) violations of the California Business and Professions Code. The Underlying Plaintiffs further seek declaratory judgment relief, as well as actual, consequential, and incidental damages, civil penalties, punitive damages, pre- and post-judgment interest, and attorney's fees and costs.

11. On January 18, 2024, the Underlying Plaintiffs filed an Amended Complaint. The allegations in the Amended Complaint are identical to those in the Original Complaint. The only change in the Amended Complaint is that it changed the causes of action under the California Business and Professions Code from False Advertising, Violations of the Accountant Act, and Unfair Competition to solely Unfair Competition. A true and correct copy of that pleading is attached as **Exhibit B**.

12. On January 24, 2024, TGG and Garrett tendered their defense in the Underlying Lawsuit to CSIC (at that time, the operative complaint was the First Amended Complaint). In a February 19, 2024 letter, CSIC agreed to defend TGG and Garrett subject to a reservation of rights, a true and correct copy of which is attached as **Exhibit C**.

***The Policy***

13. CSIC issued claims-made-and-reported policy no. SCG0010268-05 to TGG for the period May 18, 2023 to May 18, 2024 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit D**.

14. The Policy includes Miscellaneous Errors and Omissions ("E&O") coverage with limits of $1 million each Erroneous Act/$2 million general aggregate, in accordance with the



PD.45212111.3

terms, exclusions, limitations, definitions, and conditions stated in the Policy.

15. The Policy's insuring agreement provides that CSIC, "… will pay on an Insured's behalf … Damages or Claim Expenses because of Claims first made during the Policy Period or any Extended Reporting Period and resulting from Erroneous Acts." Exhibit D at p. 5. Further, the Policy defines "Erroneous Act" as "… actual or alleged conduct by an Insured, or by any person or organization for which an Insured is legally liable, and which results from the performance of Insured Activities for others," including "[a] negligent act, error or omission…." *Id.*

16. The Policy's declarations provide a definition for "Insured Activities" as, "[a]ccounting services to include providing services as an interim or fractional CFO; financial consulting to include development of metrics, operation reporting, cash flow analysis, forecasting, budgeting, planning, bench marking; strategic management consulting." *Id.* at p. 2.

17. Relevant Definitions in the Policy applicable to the coverage issues presented here include the following:

> B. "Claim" is defined as "… a suit, a written demand or a written assertion of a legal right, any of which seek Damages against an Insured."
>
> C. "Claim Expenses" is defined as "… expenses incurred by [CSIC] in the investigation, adjustment, negotiation, arbitration, mediation, settlement, and defense of Claims."
>
> ***
>
> F. "Damages" is defined as:
>
> 1. Amounts which an Insured is legally obligated to pay as a result of a covered judgment, award or settlement;
> 2. Costs assessed against an Insured in any suit or proceeding defended by the Company unless such costs are assessed as a sanction for an Insured's delay or misconduct in the litigation process;

3. Pre-judgment interest and post-judgment interest assessed before the Company has paid, offered to pay or deposited in court the part of the judgment that is covered by this Policy and that is within the applicable Limit of Insurance; and
4. Punitive, exemplary or multiple damages, where insurable by law of:

"Damages" does not include:

1. Taxes, criminal or civil fines or penalties imposed by law;
2. Production costs, or the cost of reprinting, recalling, recovering, shipping, correcting, reprocessing, restoring, repairing, replacing, reproducing, or re-performing Insured Activities; or
3. Royalties or restitution paid or payable by an Insured; disgorgement of an Insured's profits; costs of complying with an order granting injunctive relief; or disputed: fees, charges, or commissions for goods or services.

***

I. "Insured" is defined to include TGG as well as TGG's current and former "officers, directors, employees or stockholders while acting within the scope of their duties in behalf of" TGG.

*Id.* at p. 8.

18. The Policy contains Exclusion 17, under which "[CSIC] is not liable for Damages or Claim Expenses or obligated to defend Claims arising out of [the] actual or alleged …[u]nauthorized access to, use of, or tampering with data or systems by any person …." *Id.* at p. 6.

19. The Policy contains Exclusion 21, under which "[CSIC] is not liable for Damages or Claim Expenses or obligated to defend Claims arising out of [the] actual or alleged …[b]reach of contract; however this will not exclude coverage for Claims alleging negligent performance of Insured Activities …." *Id.* at p. 7.

20. The Policy contains Exclusion 9, under which "[CSIC] is not liable for Damages or Claim Expenses or obligated to defend Claims arising out of [the] actual or alleged … "[g]ain, profit or advantage to which [TGG] is not legally entitled…." *Id.* at p. 6.

21. The Policy contains Exclusion 20, under which "[CSIC] is not liable for Damages or Claim Expenses or obligated to defend Claims arising out of [the] actual or alleged…[c]riminal, dishonest, fraudulent, malicious or knowingly wrongful acts by [TGG]." *Id.* Further, the exclusion provides that "[i]f a Claim would invoke [CSIC]'s duty to defend but for allegations of such acts, then [CSIC] will defend the Claim until there is a finding by a jury, judge or arbitrator or an admission by [TGG], or by a person who would be an Insured if that person had not acted outside the scope of his or her duties, that there were such acts. [CSIC] will not pay any settlement or judgment associated with such finding or admission, and [CSIC] retains the right to seek reimbursement of Claim Expenses paid from the party found to have committed such acts or made such an admission." *Id.*

22. The Policy contains Exclusion 5. Under Exclusion 5, "[CSIC] is not liable for Damages or Claim Expenses or obligated to defend Claims arising out of [the] actual or alleged …[u]nfair competition, restraint of trade, or any other violation of antitrust laws …." *Id.*

**COUNT I – REQUEST FOR DECLARATORY JUDGMENT**

23. CSIC adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

***Exclusion 17***

24. Pursuant to Exclusion 17, there is no coverage for any "Damages," "Claims Expenses," or "Claims," "… arising out of unauthorized access to, use of, or tampering with data or systems by any person …." The Underlying Plaintiffs allege TGG failed to implement proper internal e-mail screening controls that led the phisher (i.e., "any person") to have unauthorized access to TGG's email system, subsequently leading to the phisher spoofing the Underlying Plaintiffs' email addresses and convincing TGG to transfer the Underlying Plaintiffs' money to fraudulent accounts. Thus, Exclusion 17 eliminates a duty to defend TGG.

25. Subject to paragraph 24 above, CSIC also seeks a declaration that it is entitled to reimbursement of defense costs in the event it obtains a declaration that it has no duty to defend based on Exclusion 17.

26. Because the duty to defend is precluded based on the above exclusion, and because the same reasons that negate the duty to defend negate any possibility that indemnity could be owed, CSIC also seeks, in addition to a judgment that it has no duty to defend the Defendants in the Underlying Lawsuit based on Exclusion 17, a judgment that it also does not owe a duty to indemnify the Defendants under the Policy based on Exclusion 17.

***Erroneous Acts***

27. The Policy only responds to "Erroneous Acts," *i.e.*, negligent acts, errors or omissions from the performance of "Insured Activities," *i.e.*, accounting services. In the event the Underlying Plaintiffs are awarded damages based on their causes of action for gross negligence and constructive fraud, CSIC seeks a declaration that it has no duty to indemnify the Defendants for those damages because they do not arise out of an Erroneous Act (*i.e.*, a "negligent" act).

***Exemplary Damages***

28. The Policy only responds to exemplary or punitive damages "where insurable by law." The Underlying Plaintiffs seek exemplary damages against Defendants. In the event the Underlying Plaintiffs are awarded exemplary damages, CSIC seeks a declaration that it has no duty to indemnify the Defendants for those damages because they are not "insurable by law."

***Restitution/Disgorgement Damages***

29. The definition of covered Damages excludes "restitution paid or payable by an insured; disgorgement of an Insured's profits." In the event Underlying Plaintiff is awarded damages for its unjust enrichment cause of action, CSIC seeks a declaration that it has no duty to

indemnify the Defendants for those damages due to this exclusion in the Damages definition.

***Exclusion 21***

30. Pursuant to Exclusion 21, there is no coverage for any "Damages," "Claims Expenses," or "Claims," "… arising out of a breach of contract claim … however this will not exclude coverage for Claims alleging negligent performance of Insured Activities …." In the event the Underlying Plaintiffs are awarded breach-of-contract damages, CSIC seeks a declaration that it has no duty to indemnify the Defendants for those damages due to Exclusion 21.

***Exclusion 9***

31. Pursuant to Exclusion 9, there is no coverage for any "Damages," "Claims Expenses," or "Claims," "… arising out of any [g]ain, profit or advantage to which [TGG] is not legally entitled …." Further, the Policy does not respond to "Damages" including, "… restitution paid or payable by an Insured; [or] disgorgement of an Insured's profits …." The Underlying Plaintiffs allege unjust enrichment in their petition. In the event the Underlying Plaintiffs are awarded unjust enrichment damages, CSIC seeks a declaration that it has no duty to indemnify the Defendants for those damages due to Exclusion 9 and due to the fact that the Damages definition excludes these damages from coverage.

***Exclusion 20***

32. Pursuant to Exclusion 20, there is no coverage for any "Damages", "Claims Expenses", or "Claims", "… arising out of [c]riminal, dishonest, fraudulent, malicious or knowingly wrongful acts by [TGG] …." Exclusion 20 is subject to an exception that, "… [i]f a Claim would invoke [CSIC]'s duty to defend but for allegations of such acts, then [CSIC] will defend the Claim until there is a finding by a jury, judge or arbitrator or an admission by [TGG], or by a person who would be an Insured if that person had not acted outside the scope of his or her

duties, that there were such acts…." Further, "[CSIC] retains the right to seek reimbursement of Claim Expenses paid from the party found to have committed such acts or made such an admission." In the event the Underlying Plaintiffs are awarded unjust enrichment damages, CSIC seeks a declaration that it has no duty to indemnify the Defendants for those damages due to Exclusion 20. It further seeks a declaration that it is entitled to seek reimbursement of defense costs incurred to defend the constructive fraud claim.

***Exclusion 5***

33. Pursuant to Exclusion 5, there is no coverage for any "Damages," "Claims Expenses," or "Claims," "… arising out of [the] actual or alleged … [u]nfair competition, restraint of trade, or any other violation of antitrust laws …." The Underlying Plaintiffs include in their pleadings a cause of action for California unfair competition claims against TGG. In the event the Underlying Plaintiffs are awarded damages under their California unfair competition claims, CSIC seeks a declaration that it has no duty to indemnify the Defendants for those damages due to Exclusion 5.

## PRAYER

WHEREFORE, Capitol Specialty Insurance Company respectfully prays of this Honorable Court that:

a. Defendants be cited to answer and appear;

b. The Court enter a declaratory judgment declaring that CSIC owes no duty to defend the Defendants against the claims asserted by the Underlying Plaintiffs in relation to the Underlying Lawsuit;

c. The Court enter a declaratory judgment declaring that because CSIC does not owe a duty to defend the Defendants in the Underlying Lawsuit, it is entitled to

reimbursement of the defense fees, expenses, and costs it incurred to defend the Defendants;

d. The Court enter a declaratory judgment declaring that CSIC owes no duty to indemnify the Defendants against the claims asserted by the Underlying Plaintiffs in relation to the Underlying Lawsuit; and,

e. Award Plaintiff CSIC the costs of this action and any other relief that the Court deems just and proper, whether at law or in equity.

DATED: May 14, 2024

Respectfully submitted,

By: */s/ Sara Nau*
SARA Nau
ATTORNEY-IN-CHARGE
State Bar No. 24083551
Harrison Cass
State Bar No. 24137553
PHELPS DUNBAR, LLP
ONE SHELL PLAZA
910 Louisiana, Suite 4300
Houston, Texas 77002
Telephone (713) 626-1386
Facsimile (713) 626-1388
Email: sara.nau@phelps.com
harrison.cass@phelps.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**