FILED
November 22, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DIS`TRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TGG MANAGEMENT COMPANY, INC. and MATTHEW GARRETT,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL NO. SA-24-CV-492-OLG |

# ORDER

Pending before the Court is Defendants TGG Management Company, Inc. ("TGG") and Matthew Garrett's ("Mr. Garrett") (collectively, "Defendants") Motion to Dismiss for Improper Venue; or in [the] Alternative to Transfer for Improper Venue (28 USC § 1406(a)); or in [the] Alternative to Transfer for Convenience (28 USC § 1404(a)) (the "Motion to Dismiss") (Dkt. No. 7-1), to which Plaintiff Capitol Specialty Insurance Company ("CSIC") filed a response (the "Response") (Dkt. No. 8), and Defendants filed a reply (the "Reply") (Dkt. No. 9). For the reasons that follow, the Motion to Dismiss (Dkt. No. 7-1) is **GRANTED**.

## I.    BACKGROUND

TGG is a business that provides accounting services. *See* Dkt. No. 1 at 3. Mr. Garrett is its CEO. *Id.* at 2. TGG purchased a multi-million-dollar errors and omissions insurance policy (the "Policy") from CSIC. *See* Dkt. 1-5 at 3. The Policy covered negligent conduct (as well as other erroneous acts) committed by TGG and its agents in connection with the provision of accounting services. *See id.* at 3, 5, 9.

On June 14, 2022, Pooph, Inc. ("Pooph") and Ikigai Marketing Works, LLC ("Ikigai") hired TGG to provide accounting services. Dkt. No. 1 at 3. On January 18, 2023, an unknown third

1

party—using a "spoofed" email address—targeted TGG with a phishing attack. *Id.* Specifically, the third party masqueraded as a vendor of Pooph and Ikigai and solicited payments from TGG. *Id.* TGG "succumbed" to the attack and erroneously wired a total of $843,704.90 to the third party. *Id.* On September 1, 2023, Pooph and Ikigai sued Defendants. *Id.* CSIC agreed to defend Defendants in that lawsuit but reserved the "right to seek a judicial determination through a declaratory judgment action to determine whether coverage in fact exists under the Policy." Dkt. No. 1-4 at 3. Thereafter, CSIC initiated this action seeking "a judicial determination that it owes no duty to defend or indemnify . . . Defendants." Dkt. No. 1 at 1. According to CSIC, venue is proper in the Western District of Texas because the Policy was "issued in this district and because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district." *Id.* at 2.

On July 24, 2024, Defendants filed the Motion to Dismiss, wherein they argue that venue is improper in the Western District of Texas. *See* Dkt. No. 7-1. On August 8, 2024, CSIC filed the Response. *See* Dkt. No. 8. On August 15, 2024, Defendants filed the Reply. *See* Dkt. No. 9.

## II.  LEGAL STANDARD

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). While the Fifth Circuit has not yet determined "which party bears the burden on a Rule 12(b)(3) motion," the majority of "district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Laby's, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (collecting cases). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v.*

*Modec (USA), Inc.*, 240 F. App'x 612, 615 (citations omitted). However, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008) (Dennis, J., dissenting)).

### III.  ANALYSIS

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1)  a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court considers each provision in turn below.

### A.  Residential Venue

Venue is proper in "a judicial district in which any defendant resides," so long as all the defendants reside in that same state. *Id.* § 1391(b)(1). A "natural person" resides "in the judicial district in which that person is domiciled." *Id.* § 1391(c)(1). A corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

In the present case, it is undisputed that Mr. Garrett is domiciled—and therefore resides— in the Southern District of California. *See* Dkt. Nos. 1 at 2; 7-2 at 2; 9 at 2. With respect to TGG, CSIC alleges that its principal place of business is in San Antonio, Texas. *See* Dkt. No. 1 at 1–2. But the undisputed facts suggest otherwise. Indeed, the record evidence indicates that TGG has

"always maintained its principal place of business" in the Southern District of California. Dkt. Nos. 7-2 at 1; 7-3 at 1–2; 9-1 at 2. CSIC concedes this point. *See* Dkt. No. 8 at 7, 9. TGG's only connection with the Western District of Texas is that it "briefly considered relocating the company to Texas," which "never occurred." Dkt. No. 9-1 at 2. The Court cannot conclude that such limited contacts are sufficient to furnish either general or specific personal jurisdiction. *See Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318–19 (5th Cir. 2020); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In any event, because at least one of Defendants—Mr. Garrett—indisputably resides outside Texas, venue is improper under the residential venue provision.

B.   **Transactional Venue**

Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). It is well-established "that there can be more than one district in which a substantial part of the events giving rise to the claim occurred." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3806 (4th ed. 2024); *see Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) ("Venue may be proper in multiple locations."). For the purposes of venue, "substantiality" is "determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005)).

In an insurance coverage dispute, venue is proper where the "underlying event for which coverage is sought . . . occurred." *Troy Constr. LLC v. Zurich Am. Ins.*, No. 17-cv-337, 2017 WL 11296989, at *2 (E.D. Tex. Nov. 29, 2017) (citing *Horihan v. Hartford Ins. Co. of the Midwest*,

4

979 F. Supp. 1073, 1077–78 (E.D. Tex. 1997)). Furthermore, "venue is proper . . . wherever the insurance policy was negotiated, issued, or signed." *Id.* at *3 (collecting cases). In other words, courts look to "the whole sequence of events that gave rise to the action." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, No. 22-cv-135, 2022 WL 17817138, at *6 (W.D. Tex. Oct. 17, 2022) (collecting cases), *R. & R. adopted*, 2022 WL 17815727 (W.D. Tex. Dec. 15, 2022), *aff'd*, 91 F.4th 364 (5th Cir. 2024).

In the present case, CSIC asserts that a substantial portion of the events giving rise to this lawsuit occurred in the Western District of Texas. *See* Dkt. No. 1 at 2. In support thereof, CSIC—who has burden of establishing proper venue—points to a single fact: the Policy included a mailing address in San Antonio, Texas. *See* Dkt. No. 8 at 3–4. But that address is a "post office box" controlled by "Earth Class Mail," a third party who "provides digital mail management services that allow TGG . . . to receive, manage, and handle postal mail online." Dkt. No. 9-1 at 2. Such an insubstantial connection to the Western District of Texas, without more, is insufficient. *See McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008) (per curiam) ("Although the chosen venue does not have to be the place where the most relevant events took place, the select district's contacts still must be substantial.").

Indeed, every key event giving rise to this dispute occurred outside the Western District of Texas. First, the erroneous payments were made by employees of TGG located in California, Kansas, and South Carolina. Dkt. No. 7-3 at 2. Second, TGG hired an insurance broker based in the Southern District of California to "negotiate and procure" the Policy on its behalf. Dkt. No. 9-1 at 2. Third, Mr. Garrett signed the application for the Policy from his residence in the Southern District of California. *See id.* at 3. Because a substantial part of the events giving rise to this action

did not occur in the Western District of Texas and, in fact, every significant event occurred elsewhere, venue is improper under the transactional venue provision.

C.   **The Fallback Provision**

Finally, "if there is no district in which an action may otherwise be brought," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). This provision only applies in the "rare" circumstance where "there is no federal district that will satisfy either the residential venue or transaction venue provisions." WRIGHT & MILLER, *supra*, § 3806.1. As discussed in greater detail above, venue is clearly proper in another judicial district. Both Defendants reside in the Southern District of California (satisfying residential venue). Furthermore, TGG's insurance broker negotiated the Policy in the Southern District of California, and Mr. Garrett signed the application for that Policy in the Southern District of California (satisfying transactional venue). Because venue is proper in another judicial district, the fallback provision is inapplicable.

D.   **Dismiss or Transfer**

When venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court has "broad discretion" in determining whether to transfer a case and may do so *sua sponte. Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (citations omitted). Generally, where venue is improper "it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." WRIGHT & MILLER, *supra*, § 3827.

After careful consideration, and in light of the above discussion, the Court finds that it is in the interest of justice to transfer this case to the Southern District of California. It makes little sense to dismiss this action when doing so "would result in wasteful duplication of effort,

additional filing expenses, and unnecessary delay for both parties." *E.g., Srour v. Dep't of Homeland Sec'y*, No. 09-cv-762, 2009 WL 2709934, at *2 (E.D. Va. Aug. 25, 2009); *see Disabled Patriots of Am., Inc. v. Carolina Mall, LLC*, No. 08-cv-550, 2009 WL 928688, at *1 (W.D.N.C. Apr. 3, 2009) (transferring to prevent unnecessary expenses and delay resulting from refiling in the proper venue).

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Dkt. No. 7-1) is **GRANTED** insofar as this case is **TRANSFERRED** to the Southern District of California. The Clerk of Court is instructed to effectuate the transfer.

It is so **ORDERED**.

**SIGNED** this 22 day of November, 2024.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE